UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
CASE NO.:

EVELIN M. RAMIREZ,

    Plaintiff,

vs.

FIRSTSERVICE RESIDENTIAL FLORIDA, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, EVELIN M. RAMIREZ (hereinafter, "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC. (hereinafter, "Defendant"). In support of her complaint, Plaintiff would state the following:

## JURISDICTION AND PARTIES

1. This is an action brought under the Pregnancy Discrimination Act of 1978, an Amendment to the Civil Rights Act of 1964 (42 U.S.C. § 2000e(k)).

2. Jurisdiction is conferred on this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

3. This court has supplemental jurisdiction over the state law claim contained herein pursuant to 28 U.S.C. §1367, because that claim arises from the same case or controversy and from a common nucleus of operative facts.

4. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material

1

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## PARTIES

5. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years old and otherwise *sui juris*.

6. Plaintiff was, at the time of the facts which give rise to this lawsuit, a pregnant woman with a disability or perceived disability. She was therefore a member of a class protected under Title VII the ADA, the ADAA, and the FCRA because the terms, conditions, and privileges of her employment were affected due to her status as a pregnant woman and or her disability or perceived disability.

7. Further, Plaintiff was retaliated against for her requests for reasonable accommodation which places her within a class protected under Title VII, the ADA, the ADAA and the FCRA.

8. Defendant is a Florida Corporation and has, and continues to, conduct substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b), Fla. Stat. § 760.02(7)).

10. Plaintiff was an employee covered by Title VII, and the FCRA in that she was subjected to negative, disparate treatment by her employer based her disability and in retaliation for her disability and request for an accommodation and/or her status as a pregnant woman.

11. Plaintiff alleges causes of action for violations of the Title VII and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

12. Plaintiff has met all conditions precedent to the maintenance of this action, including submitting a timely charge of discrimination ("Charge") against the Defendant to the Equal Opportunity Employment Commission ("EEOC").

13. Plaintiff's Charge was filed alleging discrimination based on sex, disability, and pregnancy discrimination on or about January 20, 2021. The actions complained of herein occurred no more than 300 days before that date.

14. Plaintiff's Charge of Discrimination was dual filed with the Florida Commission of Human Relations ("FCHR"), the state equivalent of the EEOC.

15. The FCHR has taken no action or issued any determinations with respect to Plaintiff's Charge of Discrimination.

16. Plaintiff was issued a Notice of Right to Sue on September 16, 2021 ("Notice"). This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

## STATEMENT OF FACTS

17. Plaintiff began working for Defendant on or about December 2006 as an administrative assistant.

18. During her employment, Plaintiff informed her supervisors that she had been diagnosed and was in treatment for adult attention deficit hyperactivity disorder (ADHD) and anxiety. ADHD and anxiety are a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, concentrate, evaluate, and communicate/interact with others. The ability to concentrate, evaluate, and

communicate/interact with others are considered "major life activities" as defined by the ADA and ADAAA.

19. Based on Plaintiff's tenure with the company, positive performance and positive work history through her employment, Plaintiff was fully qualified for her position at the time all discriminatory events complained herein occurred.

20. On or about October 16, 2020, Plaintiff found out she was pregnant.

21. On or about October 19, 2020, Ms. Lizeth Franco ("Franco") became the new Property Manager and plaintiff's new supervisor.

22. On or about October 21, 2020, Plaintiff informed Franco and prior property manager, Brian Kushner, that she was pregnant.

23. On or about October 26, 2020, Plaintiff had her first one-on-one introductory meeting with Ms. Franco in order to discuss workflow. During this meeting, Plaintiff informed Ms. Franco of her disability and made a reasonable request for accommodation since due to her pregnancy she was unable to take her medication.

24. Specifically, Plaintiff asked Franco for her assistance staying organized and on task. Ms. Franco appeared to understand and assured Plaintiff she would be accommodated after she returned from her vacation.

25. However, Franco failed to provide any accommodations to Plaintiff upon her return to work. Franco provided very little guidance on the tasks assigned and was quick to admonish Plaintiff if there were any mistakes or delay.

26. On or about December 11, 2020, the staff received the end of year bonus, but Plaintiff did not receive hers.

27. Plaintiff inquired by written communication to Franco as to the reason she was being treated differently than the rest of the staff to which Franco responded they could discuss the matter the upcoming week.

28. Franco then retaliated by sending a written communication to Plaintiff and the regional director Louis Pincus ("Pincus") raising concerns regarding Plaintiff's alleged poor performance.

29. On or about December 15, 2020, Plaintiff made multiple requests by phone and in person to Pincus and Franco to address the lack of accommodations and disparate treatment she was being subjected to by Franco. Plaintiff's concerns were not addressed.

30. After Franco refused to speak to Plaintiff, Plaintiff stepped out of the office to contact Pincus who did not answer. That afternoon Plaintiff received an email from Carolina Castro in human resources stating that she had received Plaintiff's resignation and the same was effective immediately.

31. Prior to her termination, Plaintiff was not previously disciplined nor was advised that of her risk of termination until receipt of the December 11, 2020 email.

32. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

33. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability, pregnancy, complaints of discrimination, and/or request for accommodation were motivating factor(s) in the decision for the adverse employment action(s).

34. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, ADA, ADAA and the FCRA.

35. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

36. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

<u>**COUNT I**</u>
<u>**PREGNANCY DISCRIMINATION IN VIOLATION**</u>
<u>**OF THE PREGNANCY DISCRIMINATION ACT OF 1978**</u>

37. Plaintiff re-alleges and re-avers paragraphs 1–36 above as though the same were fully re-written herein.

38. Defendant was under obligation to treat Plaintiff the same as any other temporarily-disabled employee, which includes providing reasonable accommodations under the Pregnancy Discrimination Act of 1978, an amendment to the Civil Rights Act of 1964.

39. Without just cause or a good faith reason, Defendant, through its manager Franco, failed to accommodate Plaintiff, denied her a bonus, and ultimately terminated her without cause.

40. At all times, Franco and/or other employees within Defendant's company acted within the scope of their duties.

41. Defendant's representatives and agents had actual knowledge of Plaintiff's pregnancy at the time they terminated Plaintiff.

42. At the time it was notified, Defendant had a duty to provide some other accommodation which it would have provided to other temporarily disabled employees.

43. Plaintiff's sex, and specifically her pregnancy, was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff and/or Defendant's decision to deny Plaintiff her bonus or a reasonable accommodation.

44. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

45. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

46. Defendant's stated reason for terminating Plaintiff and/or Plaintiff's disparate treatment was pretextual.

WHEREFORE, Plaintiff EVELIN M. RAMIREZ requests that:

a) The Court award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT,**
**PREGNANCY DISCRIMINATION**

47. Plaintiff re-avers and re-states paragraphs 1–36, above, as though the same were fully re-written herein, and says:

48. All conditions precedent to the filing of this action were met or waived. Plaintiff's Charge of Discrimination was dually filed with both the EEOC and the Florida Commission on Human Relations ("FCHR"). The FCHR did not issue a determination within the permissible time frame.

49. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01-760.11, based on her status as a pregnant woman.

50. Plaintiff was subject to adverse employment action (termination). Her pregnancy was, at minimum, a motivating factor in Defendant's decision to terminate.

51. Plaintiff was denied reasonable accommodations, and then was subsequently terminated, Defendant affected Plaintiff's compensation, terms, and conditions, or privileges of Plaintiff's employment.

52. At all times, Defendant was aware of its failure to provide Plaintiff with the same reasonable accommodations it would provide to other temporarily-disabled employees and/or other non-pregnant employees.

53. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered emotional distress and other compensatory and actual damages, and has been compelled to retain the services of counsel to represent her on this matter.

54. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

55. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

56. Defendant's stated reason for terminating Plaintiff was pretextual.

    WHEREFORE, Plaintiff requests that:

    a) Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g) and the FCRA, Fla. Stat. §§ 760.01-760.11;

    b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III
### FAILURE TO ACCOMMODATE
### IN VIOLATION OF THE ADA AND ADAAA

57. Plaintiff incorporates herein the allegations contained in paragraphs 1–36, inclusive, as though same were fully re-written, and says:

58. Plaintiff is disabled as he suffers from ADHD and anxiety which is an impairment which substantially limits one or more major life activities; to wit: concentrating, evaluating, and communicating/interacting with others.

59. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation in that he never received a negative review or appraisal and was recommended and praised by her supervisors prior to reporting to Franco.

60. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

61. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

62. Plaintiff made her request to Franco on October 26, 2020. Plaintiff's request was reasonable and would not have caused Defendant undue hardship.

63. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

64. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request.

   WHEREFORE, Plaintiff requests judgment against Defendant as follows:

   a) Actual damages as a result of Defendant's discriminatory actions;
   b) Punitive damages due to Defendant's willful behavior;
   c) Compensatory damages;
   d) Injunctive relief where feasible;
   e) Attorney's fees;
   f) Costs of this action; and
   g) Any other relief this Court deems proper.

**COUNT IV**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

65. Plaintiff incorporates herein the allegations contained in paragraphs 1–36, inclusive, as though same were fully re-written, and says:

66. Plaintiff requested a reasonable accommodation on October 2020 for her disability. This request was made to Franco who knew of Plaintiff's condition.

67. As a direct result of Defendant's failure to accommodate Plaintiff's request Plaintiff was disciplined, denied a bonus and terminated by Defendant without valid reason.

68. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

69. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Franco and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

70. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

    WHEREFORE, Plaintiff requests that:

    a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

    b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## HANDICAP/DISABILITY DISCRIMINATION
## UNDER THE FCRA

71. Plaintiff incorporates herein the allegations contained in paragraphs 1–36, inclusive, as though same were fully re-written, and says:

72. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer:

    (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

73. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

74. Specifically, Plaintiff alleges that: (1) she was terminated due to her actual disability, and (2) Defendant wrongfully denied her reasonable requests for an accommodation to her disability.

75. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, and Defendant's failure to accommodate,

all set forth above, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

76. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all set forth above, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

77. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all set forth above, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

78. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Franco and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

80. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

    WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;
    b) compensatory damages;
    c) punitive damages;
    d) attorney's fees and costs; and
    e) any other award this Court deems necessary.

## COUNT VI
## VIOLATION OF THE FCRA
## (RETALIATION)

81. Plaintiff re-alleges and re-avers paragraphs 1-36 as though full set forth herein.

82. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

83. In October 2020 Plaintiff made a request for a reasonable accommodation for her disability.

84. This request was a protected activity under the FCRA.

85. As a direct result of Defendant's failure to accommodate Plaintiff, Defendant denied Plaintiff her bonus and terminated Plaintiff without valid cause.

86. Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminated Plaintiff.

87. Defendant knew of Plaintiff's disability and her request as Plaintiff made this request to Franco.

88. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

89. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Franco and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

90. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

91. Plaintiff further seeks her attorney's fees and costs as permitted by law.

    WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiff EVELIN M. RAMIREZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 15, 2021

                Respectfully submitted,

                /s/Nathaly Saavedra
                Nathaly Saavedra, Esq.
                Fla. Bar No. 118315
                **PEREGONZA THE ATTORNEYS, PLLC**
                1414 NW 107th Ave, Suite 302
                Doral, FL 33172
                Tel.   (786) 650-0202
                Fax.  (786) 650-0200
                Email: nathaly@peregonza.com